IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03143-CMA-KLM

BETSY A. HAY,

    Plaintiff,

v.

FAMILY TREE, INC., a 501(c)(3) non-profit organization conducting business in Colorado,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Second Motion to Stay Case Pending Resolution of the Second Motion to Dismiss** [#32][1] (the "Motion"). Plaintiff filed a Response [#35] in opposition to the Motion, and Defendant filed a Reply [#44]. Defendant asks the Court to stay discovery in this case until after the pending Motion to Dismiss [#31] is resolved.[2] If granted, the Motion to Dismiss [#31] would dispose of all claims asserted against Defendant.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June

---

[1] "[#32]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Motion to Dismiss [#31], filed on April 17, 2017, is referred to the undersigned for recommendation [#33].

-1-

6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying

discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

With regard to the first *String Cheese Incident* factor, Plaintiff argues that staying discovery would further delay the resolution of Plaintiffs' claims based on events that occurred in 2014. *Response* [#35] at 2. Thus, this factor weighs against the imposition of a stay.

With regard to the second factor, the Court finds that Defendant has demonstrated that proceeding with the discovery process presents an undue burden. This issue concerns whether Defendant will be unfairly burdened if discovery proceeds before rulings are issued on the pending dispositive motion. *See, e.g.*, *String Cheese Incident, LLC*, 2006 WL 894955, at *2 ("defendants, however, also would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss"). The Court is not inclined to prejudge the merits of the dispositive motion; however, the Court recognizes that proceeding with discovery would be wasteful should the Motion to Dismiss [#31] be granted. Thus, this factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]"). Thus, this factor weighs in favor of staying

discovery.

With regard to the fourth factor, Defendant argues that the nature of this dispute involving Plaintiff's employment will involve significant efforts concerning others who are not party to this lawsuit. *Motion* [#32] at 5. Plaintiff does not respond to this argument. Defendant's contention is well-taken, as Plaintiff names various employees allegedly involved in decisions related to her employment and states in the Proposed Scheduling Order that she wishes to depose several of those employees. *See, e.g.*, *Second Am. Compl.* [#13] at 6, 9, 11; *Proposed Sched. Order* [#47] at 11. Thus, the fourth *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#31] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#32] is **GRANTED**. All discovery is **stayed** pending resolution of Defendants' Motion to Dismiss [#31].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for June 8, 2017, at 11:00 a.m. and all related deadlines are **VACATED**. The Scheduling Conference shall be reset, if necessary, after resolution of the Motion to Dismiss [#31].

DATED: June 6, 2017 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge