IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-03143-CMA-KLM

BETSY A HAY

    Plaintiff,

v.

FAMILY TREE, INC. a 501(c) non-profit organization conducting business in Colorado,

    Defendant.

---

**ORDER AFFIRMING UNITED STATES MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S DISCOVERY REQUEST**

---

This matter is before the Court on Plaintiff Betsy Hay's Objection (Doc. # 77) to the Amended Scheduling Order issued by Magistrate Judge Kristen Mix (Doc. # 69), wherein Magistrate Judge Mix ruled that Plaintiff could not request documents from the Family Tree's alleged "Kaleidoscope Program"[1] in discovery. For the following reasons, this Court overrules Plaintiff's Objection and affirms Magistrate Judge Mix's Order. The Order is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A); Federal Rule of Civil Procedure 72(a).

## I. **BACKGROUND**

On December 21, 2016, Plaintiff filed a complaint against Defendant Family Tree, Inc. alleging: (1) discrimination in violation of the Age Discrimination in Employment Act

---

[1] The parties use "Kaleidoscope Program" and "Kaleidoscope documents" interchangeably. As such, the Court will reference both.

("ADEA"); (2) breach of contract; (3) breach of implied contract; and (4) promissory estoppel. (Doc. # 1.)

In Plaintiff's second amended complaint, Plaintiff's breach of contract, breach of implied contract, and promissory estoppel claims characterized the Kaleidoscope Program as an "employment contract" or "implied employment contract." (Doc. # 13 at ¶¶ 24, 125–26, 139–40, 152–53.) Plaintiff argued that the Defendant had breached this contract when she was "laid off from permanent employment" because the Kaleidoscope Program promulgated "an official policy well known to employees that [Defendant] would retain employees in the face of lay-offs and maintain diversity in employment, through values identified in the . . . program." (*Id*. at ¶¶ 20, 134.) However, Magistrate Judge Mix observed that "Plaintiff [did not] provide[] [any] explanation as to what the Kaleidoscope program is, how it operated, to whom it applied, or whether it was a written policy. While [Plaintiff] refers to the 'Kaleidoscope documents' she neither provides copies of them nor any further information regarding the statements or promises they allegedly contain." (Doc. # 69 at 9.)

Magistrate Judge Mix recommended that Plaintiff's breach of contract, breach of implied contract, and promissory estoppel claims be dismissed with prejudice after finding that the Plaintiff had not adequately alleged sufficient facts to maintain the claims. (Doc. # 69.) The Plaintiff's sole surviving claim is her ADEA claim.

This Court, finding that Magistrate Judge Mix's Recommendation was sound and not clearly erroneous or contrary to law, entered an Order affirming and adopting the Recommendation on March 20, 2018. (Doc. # 60 at 2.)

On May 2, 2018, Magistrate Judge Mix found that discovery concerning the Kaleidoscope Program was not relevant to Plaintiff's remaining ADEA claim, and thus, Plaintiff was barred from requesting such documents in discovery. (Doc. # 69.)

On May 16, 2018, Plaintiff filed an Objection to Magistrate Judge Mix's Amended Scheduling Order, arguing that documents related to the Kaleidoscope Program are relevant to her ADEA claim pursuant to Federal Rule of Civil Procedure 26(b). (Doc. # 77.)

## II. STANDARD OF REVIEW

"[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of [her] authority." *Rader v. United States*, 2008 U.S. Dist. LEXIS 93309, at *8–9 (D. Colo. Nov. 17, 2008). When a magistrate judge issues an order on a nondispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is **clearly erroneous** or is **contrary to law**." Fed. R. Civ. P. 72(a) (emphasis added). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

### III. ANALYSIS

Magistrate Judge Mix's Order is not clearly erroneous or contrary to law. Federal Rule of Civil Procedure 26(b)1 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim . . . and proportional to the needs of the case . . . ."

Plaintiff primarily argues the Kaleidoscope documents, at issue in her three dismissed claims, are still relevant to her remaining ADEA claim. (Doc. # 77.) However, Plaintiff does not advance any arguments to explain **how** Magistrate Judge Mix's Order is "clearly erroneous or is contrary to law." See Fed. R. Civ. P. 72(a). She merely reprises her previously-made relevancy arguments. "It is not [the Court's] role to sift through the record to find evidence not cited by the parties to support arguments they have not made." *Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009).

The Court agrees with Family Tree that Rule 72(a) does not permit a party to re-argue their position in the hopes of a different outcome. (Doc. # 79.) "[A] litigant generally may serve follow-up discovery requests based on new information." *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1175 (10th Cir.2005) (stating litigant could have asked the magistrate judge to reconsider prior discovery rulings or "he could have simply served follow-up discovery requests ... based on the new information"). However, Plaintiff has done no such thing in her Objection.

Magistrate Judge Mix thoroughly evaluated and analyzed each of Plaintiff's claims in her Recommendation on Family Tree's Motion to Dismiss (Doc. # 59) and then considered and rejected Plaintiff's relevancy arguments during the Scheduling

4

Conference on May 2, 2018. *See* (Doc. # 68). Without any novel argument as to how her Amended Scheduling Order was erroneous, the Court does not have a "firm conviction that a mistake has been committed" in the exclusion of the Kaleidoscope documents from discovery. *See Ocelot Oil Corp.*, 847 F.2d at 1464.

Thus, having reviewed the relevant pleadings and applicable law, the Court finds that Magistrate Judge Mix did not err in finding the discovery request to be irrelevant and undiscoverable. Her Amended Scheduling Order denying Plaintiff's discovery request to the Kaleidoscope documents is not clearly erroneous or contrary to law.

### IV.  **CONCLUSION**

For the foregoing reasons, the Court AFFIRMS Magistrate Judge Mix's Amended Scheduling Order (Doc. # 69) and OVERRULES Plaintiff's Objection (Doc. # 77).

DATED: September 18, 2018                      BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

5